UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| D.B., | : | |
| Plaintiff, | : | Case No. |
| DONALD J. TRUMP, IN HIS OFFICAL CAPACITY, PRESIDENT OF THE UNITED STATES OF AMERICA; | : | |
| KRISTI NOEM, SECRETARY U.S. DEPARTMENT OF HOMELAND SECURITY, | : | Hon. _____ |
| U.S. DEPARTMENT OF HOMELAND SECURITY, | : | |
| KIKA SCOTT, SENIOR OFFICIAL PERFORMING THE DUTIES OF THE DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES | : | |
| ANDREW DAVIS, ACTING DEPUTY DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES | : | |
| Defendants. | : | |

**COMPLAINT**

AND NOW COMES Plaintiff D.B., by undersigned counsel, and respectfully submits this Complaint. D.B. alleges the following:[1]

### A. PARTIES

1. D.B. is a foreign national who until recently was in lawful F-1 student visa status.

D.B. resides within the Southern District of Ohio.

2. Defendant Kristi Noem is the Secretary of the U.S. Department of Homeland Security

---

[1] The facts set forth in this publicly filed complaint have been simplified to prevent public disclosure of D.B.'s personally identifying information. D.B. is filing a motion to permit D.B. to proceed in this case under pseudonym and otherwise in a manner that does not require public disclosure of his identity.

("DHS").  Defendant Noem is sued in her official capacity.

3. Defendant DHS is a Department of the United States government.

4. Defendant Kika Scott is the Senior Official Performing the Duties of the Director of U.S. Citizenship and Immigration Services ("USCIS"). Defendant Scott is sued in her official capacity.

5. Defendant Andrew Davis is the Acting Director of the USCIS. Defendant Davis is sued in his official capacity.

### B. SUBJECT MATTER AND VENUE

6. This action alleges causes of action under the Administrative Procedure Act, 5 U.S.C. § 551 *et. seq.*

7. Jurisdiction exists under 28 U.S.C. § 1331, because this case involves one or more questions arising under the Constitution and laws of the United States.

8. Venue is proper under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims before the Court occurred in this Judicial District.

### C. FACTUAL ALLEGATIONS AS TO NAMED PLAINTIFF

9. Until recently D.B. was enrolled at an educational institution located in Texas as a full-time student until his graduation in May 2024, where he graduated with a 4.0 GPA.

10. D.B. is now an employee under optional practical training "OPT" directly related to the student's major area of study as defined in 8 C.F.R. § 214.2 (F)(10) (ii) from July 6, 2024 to July 5, 2025, and is eligible for a 2-year STEM OPT extension after D.B.'s initial OPT period.

11. At all times relevant to this action, D.B. was a "bona fide student" and pursued a "full course of study" within the meaning of the Immigration and Nationality Act ("INA"), 8

U.S.C. § 1101(15)(F)(i). At all times relevant to this action, D.B. was in compliance with his student visa status requirements in that he had completed a full-time course of study at an approved educational institution, again, with a 4.0 GPA and was working pursuant to his post-completion OPT under 8 C.F.R. § 214.2(f)(5). D.B is currently is working full time under 8 C.F.R. § 214.2 (F)(10) (ii) "optional practical training directly related to the student's major area of study." *Id*.

12. D.B. paid substantial tuition to attend the educational institution and to graduate with his masters in May 2024 in Management Information Science.

13. On or about April 4, 2025, his educational institution informed D.B. that, "your SEVIS [Student and Exchange Visitor Information System] record has been terminated, which ends your F-1 status."

14. On behalf of the United States Department of State, the Bureau of Consular Affairs Visa Office informed D.B. through email on April 8, 2025 "that additional information became available after your visa was issued. As a result, your F-1 visa with expiration date 01-Feb-27 was revoked in accordance with Section 221(i) of the United States Immigration and Nationality Act, as amended."

15. Based on information and belief, DHS terminated D.B.'s SEVIS record seemingly based on a criminal records check.

16. D.B. has never been convicted of any crime, nor does he have a criminal record.

17. D.B. was previously charged with "Poss Gambl Devise/Equip/Para". D.B. completed a pretrial diversion program. The district attorney of the applicable county dismissed all charges against D.B.

18. By terminating D.B.'s SEVIS record, DHS terminated D.B.'s F-1 visa and, in turn, placed D.B. out of lawful immigration status. Based on information and belief, DHS has taken this

action based on an expunged criminal charge which did not result in any conviction nor interfere with D.B.'s "normal progress toward completion of a course of study." 8 C.F.R. § 214.2(f)(5).

19. DHS terminated Plaintiff's SEVIS record without providing Plaintiff notice and an opportunity to be heard.

20. D.B. has suffered and will suffer irreparable harm as a result of Defendants' unlawful conduct.

D. CAUSES OF ACTION

COUNT I

Administrative Procedure Act

(Unauthorized SERVIS Termination)

21. Plaintiff incorporates the allegations in the paragraphs above as though fully set forth here.

22. DHS's termination of D.B.'s SEVIS record, and its termination of the SEVIS records, was "not in accordance with law." 5 U.S.C. § 706(2)(A).

23. Under § 706(a) of the APA, final agency action can be set aside if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law . . . in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; . . . [or] without observance of procedure required by law." 5 U.S.C. § 706(2)(A), (C)-(D).

24. Defendants have no statutory or regulatory authority to terminate D.B.'s SEVIS record or status based simply on revocation of a visa. Additionally, nothing in D.B.'s criminal history or other history provides a basis for termination

25. DHS's termination of D.B.'s SEVIS record, and its termination of the SEVIS record of D.B., violated the INA and its implementing regulations, because Plaintiff, at all times relevant to this action, was making "normal progress toward completion of a course of study." 8 C.F.R. § 214.2(f)(5), and D.B is currently is working full time under 8 C.F.R. § 214.2 (F)(10) (ii)

4

"optional practical training directly related to the student's major area of study." *Id.*

26. Therefore, Defendants' termination of D.B.'s SEVIS status is not in accordance with law, in excess of statutory authority, and without observance of procedure required by law.

## COUNT II

### Fifth Amendment

**(Failure to Provide Constitutionally Required Notice and Opportunity to be Hearing Under the Due Process Clause)**

27. Plaintiff incorporates the allegations in the paragraphs above as though fully set forth here.

28. Procedural due process requires that the government be constrained before it acts in a way that deprives individuals of property interests protected under the Due Process Clause of the Fifth Amendment.

29. Once a student is lawfully admitted to the United States in F-1 status and complies with the regulatory requirements of that status, the continued registration of that student in SEVIS is governed by specific and mandatory regulations. Because these regulations impose mandatory constraints on agency action and because SEVIS registration is necessary for a student to remain in F-1 status, D.B. has a constitutionally protected property interest in his SEVIS registration. See *ASSE Int'l, Inc. v. Kerry*, 803 F.3d 1059 (9th Cir. 2015) (recognizing protected property interest in participating in exchange visitor program); *Brown v. Holder*, 763 F.3d 1141, 1148 (9th Cir. 2014) (recognizing protected property interest in nondiscretionary application for naturalization).

30. Defendants terminated D.B's SEVIS record based on improper grounds without prior notice and without providing D.B. an opportunity to respond. The failure to provide notice of the facts that formed the basis for the SEVIS termination is a violation of due process under the Fifth Amendment.

5

31. D.B. has a constitutionally protected liberty or property interest in his previously approved SEVIS records.

32. D.B. has suffered and will suffer cognizable injuries including irreparable harm as a result of Defendants' conduct.

33. By depriving D.B. of his constitutionally protected liberty and/or property interests without affording them procedural due process including specifically notice and an opportunity to be heard, Defendants violated the Due Process Clause of the Fifth Amendment to the U.S. Constitution.

34. By taking final agency action without procedural due process, Defendants act in a manner that was "not in accordance with law." 5 U.S.C. § 706(2)(A).

## COUNT III

### Administrative Procedure Act

### (Arbitrary and Capricious Agency Action)

35. Plaintiff incorporates the allegations in the paragraphs above as though fully set forth here.

36. Under § 706(a) of the APA, final agency action can be set aside if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," including if it fails to make a rational connection between the facts found and the decision made. 5 U.S.C. § 706(2)(A) DHS's termination of D.B.'s SEVIS record represents final agency action. *Jie Fang v. USCIS,* 935 F.3d 172 (3d Cir. 2019).

37. Defendants have engaged in "arbitrary [and] capricious" action in violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A).  The decision to terminate the SEVIS record of D.B. was neither reasonable nor reasonably explained.

38. The decision to terminate D.B.'s SEVIS record, and the SEVIS records, was not

6

supported by substantial evidence.

39. Defendants failed to articulate the facts that formed a basis for their decision to terminate Plaintiff's SEVIS status in violation of the APA, let alone any rational connection between the facts found and the decision made.

40. Defendants' action is therefore arbitrary and capricious.

### E. PRAYER FOR RELIEF

WHEREFORE D.B. prays that the Court grant the following relief to D.B.:

(a) Assume Jurisdiction over this matter;

(b) A preliminary injunction directing that Defendants reinstate the SEVIS record of D.B. and grant all appropriate ancillary relief such the entry of an order directing Defendants to reinstate the ability of Plaintiff to engage in otherwise permissible employment under his OPT;

(c) A permanent injunction consistent with the relief requested on a preliminary basis in paragraph (b) of this prayer for relief;

(d) A declaratory judgment pursuant to the 28 U.S.C. § 2201 declaring the policies and practices alleged herein to be unlawful;

(e) Declare that the termination of Plaintiff's SEVIS status was unlawful;

(f) Vacate and set aside DHS's termination of Plaintiff's SEVIS status;

(g) Order that Defendants restore Plaintiff's SEVIS record and status;

(h) Enjoin Defendants from detaining Plaintiff during the pendency of the instant case;

(i) Award of incidental damages for all damages incurred by D.B. as a result of Defendants' unlawful conduct;

(j) Award of attorney's fees and litigation costs pursuant to the Equal Access to

Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412, and to the extent otherwise provided under law;

      (k)     Award of the costs of this action; and

      (l)     Such further and additional relief as the Court deems just.

Dated: April 18, 2025

                Respectfully Submitted,

                /s/Ghassan M. Shihab___
                Ghassan (Gus) M. Shihab
                Ohio Bar Number: 0061098
                Eric Dennis Ricker
                Ohio Bar Number 0097733
                Law Firm of Shihab & Associates
                5925 Wilcox Pl. Ste A
                Dublin, Ohio 43016
                Tel. 614-255-4872
                Fax. 614-255-4870
                Email: gus@shihab.law
                        ericker@shihab.law

                Counsel for Plaintiff