UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

EASTERN DIVISION

|  |  |  |
|---|---|---|
| D.B., | : | |
| | : | |
| Plaintiff, | : | Case No. |
| | : | |
| DONALD J. TRUMP, IN HIS OFFICAL CAPACITY, PRESIDENT OF THE UNITED STATES OF AMERICA; | | |
| | | |
| KRISTI NOEM, SECRETARY U.S. DEPARTMENT OF HOMELAND SECURITY, | : | Hon. _____ |
| | : | |
| U.S. DEPARTMENT OF HOMELAND SECURITY, | : | |
| | | |
| KIKA SCOTT, SENIOR OFFICIAL PERFORMING THE DUTIES OF THE DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES | | |
| | | |
| ANDREW DAVIS, ACTING DEPUTY DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES | : | |
| | : | |
| Defendants. | : | |
| | : | |

## MOTION FOR TEMPORARY RESTRAINING ORDER

AND NOW COMES Plaintiff D.B.[1], by his undersigned counsel, and respectfully move the Court, pursuant to Plaintiff's Counts 1, 2, and 3 of his complaint to (1) enter a Temporary Restraining Order ("TRO") reinstating his SEVIS records and returning him to lawful F-1 student status and continue his employment under optional practical training ("OPT"). The Court should grant this motion because the named Plaintiff[1] is able to establish each of the requirements for the entry of a TRO; and (2) enjoin Defendants from directly or indirectly enforcing, implementing, or otherwise taking any action or imposing any legal consequences—

---

[1] This motion uses pseudonyms consistent with the Motion Seeking an Order Preventing Disclosure of Personally Identifying Information (CM/ECF Doc. No. 2).

including causing Plaintiff's visa to be revoked or detaining or removing Plaintiff—as a result of that decision, while the instant case is pending.

## INTRODUCTION AND FACTUAL BACKGROUND

This action is brought on behalf of D.B. who was admitted to the United States pursuant to a "F-1" student visa.  The foreign student attended school and graduated May of 2024 and is classified as post-graduate OPT  and D.B is currently working full time under 8 C.F.R. § 214.2 (F)(10) (ii) "optional practical training directly related to the student's major area of study."  *Id.*  D.B. is an employee under optional practical training "OPT" directly related to the student's major area of study as defined in 8 C.F.R. § 214.2 (F)(10) (ii) from July 6, 2024 to July 5, 2025, and is eligible for a 2-year STEM OPT extension after D.B.'s initial OPT period.

D．B．recently learned from his school, and through the U.S. Consulate General's Office that his records in the Student and Exchange Visitor System "SEVIS" system had been terminated.  Although he was never given notice of a proposed impending action and an opportunity to be heard, it appears that Defendants U.S. Department of Homeland Security and/or U.S. Immigration and Customs Enforcement caused the student's SEVIS records to be terminated based seemingly on criminal  background checks.

However, the background checks did not disclose convictions that might render the D.B. removable (also known as deportable) pursuant to the Immigration and Nationality Act ("INA") such as convictions for "crimes involving moral turpitude" or "aggravated felonies."  The background checks did not even disclose interactions with law enforcement that were sufficiently serious to interrupt the students' normal course of study thus potentially making them removable for failing to pursue a "full course of study" as required by 8  C.F.R. § 214(f)(5).  Instead, D.B. was previously charged with "Poss Gambl Devise/Equip/Para".  D.B. completed a pretrial diversion program. The district attorney of the applicable county dismissed

all charges against D.B. D.B. has no criminal record of any kind that would justify termination of the student status and their forced departure from the United States. *Cf. Matter of Murat-Khan,* 14 I. & N. Dec. 465 (BIA 1973) (conviction for offense of residing where drug laws are violated and resulting 20 days of incarceration did not meaningfully disrupt education and thus did not constitute a failure to maintain lawful student status). Nor has D.B. engaged in any protests or other political activity in the United States.

Due to the termination of his SEVIS status by Defendants, D.B. now faces imminent and irreparable harm. He is at immediate risk of immigration detention and deportation. Additionally, he is no longer authorized for employment, which means that he will no longer receive an income, which jeopardizes both his financial stability and Post-graduation practical training (OPT). Further, the explanation for the terminations provided to D.B's SEVIS record has been terminated. But Plaintiff has not been convicted of any criminal activity that constitutes a failure to maintain status, and, to his knowledge, his visa has now been revoked. He has not otherwise failed to maintain status or taken other action to warrant the termination of his SEVIS records. 8 C.F.R. § 214.1(e)-(g).

For agency-initiated termination, Defendants' ability to terminate F-1 student status "is limited by [8 C.F.R.] § 214.1(d)." See *Jie Fang v. Dir. United States Immigr. & Customs Enf't*, 935 F.3d 172, 185 n. 100 (3d Cir. 2019). Under 8 C.F.R. § 214.1(d), Defendants can unilaterally terminate F-1 student status under the SEVIS system only when (1) a previously-granted waiver under 8 U.S.C. § 1182(d)(3) or (4) is revoked; (2) a private bill to confer lawful permanent residence is introduced in Congress; or (3) the Department of Homeland Security ("DHS") publishes a notification in the Federal Register identifying national security, diplomatic, or public safety reasons for termination. Defendants did not take any of these actions.

In the absence of any qualifying action under 8 C.F.R. § 214.1(e)-(g) by Plaintiff or Defendants, the SEVIS termination was unlawful. Because of the unlawful terminations, Plaintiff faces imminent and irreparable harm.

Plaintiff is presently out of immigration status, which significantly impedes his ability to request a change to a different nonimmigrant status, see 8 C.F.R. § 48.1(a) (nonimmigrant must be in status to change status). He is also accruing unlawful presence daily, which affects his chance of reinstating his F-1 student OPT status in the future, and hinders his ability to return to the United States to resume a different immigration status.. *See Jie Fang v. Director United States Immigration & Customs Enforcement*, 935 F.3d 172, 176 (3d Cir. 2019) (noting that a student should not have been out of a valid F-1 student status for more than 5 months for a reinstatement application). Being out of status also puts him at risk of detention and removal by Defendants. 8 U.S.C. § 1227(a)(1)(C)(i) ("Any alien who was admitted as a nonimmigrant and who has failed to maintain the nonimmigrant status in which the alien was admitted" is deportable).

As to Claims One and Three, Defendants may only terminate a student's SEVIS record pursuant to 8 C.F.R. § 214.1(e)-(g), but the reasons given to D.B. for the terminations of their SEVIS records do not comply with those specified regulatory termination grounds. Under Section 706 of the Administrative Procedure Act ("APA"), courts may set aside agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; . . . in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; . . . [or] without observance of procedure required by law." 5 U.S.C. § 706(2)(A), (C)-(D). Defendants did not follow their own binding regulations in terminating Plaintiff's F1 status, warranting relief under Claims One and Three of Plaintiff's Complaint.

At the most elemental level, the U.S. Constitution requires notice and a meaningful opportunity to be heard. *See Xiong v. I.N.S.*, 173 F.3d 601, 608 (7th Cir. 1999) (the right to "[n]otice and a meaningful chance to be heard are essential to [a noncitizen's] due process rights."); *Matthews v. Eldridge*, 424 U.S. 319, 322 (1976). No such process was provided here with respect to the termination of D.B.'s student status/OPT, warranting relief under Claim Two of Plaintiff's Complaint.

Because of the imminent and real harms D.B. has already faced and will face in the immediate future, he requests that the Court grant a temporary restraining order to (1) enjoin Defendants' decision to terminate D.B's record in the Student and Exchange Visitor Information System ("SEVIS") and his F-1 student OPT status, and (2) enjoin Defendants from directly or indirectly enforcing, implementing, or otherwise taking any action or imposing any legal consequences as a result of that decision pending the instant case.

D.B. filed this action on April 18, 2025. Pursuant to Rule 65 of the Federal Rules of Civil Procedure, the named Plaintiff now move for the entry of temporary restraining order restoring their SEVIS records. Plaintiffs request that the Court enter a temporary restraining order so that the named Plaintiff may immediately continue his employment under OPT status.[2]

D.B. has been in full compliance with the terms of his F-1 status for his entire time in the U.S. and has not engaged in any conduct that would warrant termination of his status. The grounds cited in the SEVIS termination by Defendants do not provide legal authority to terminate his SEVIS record.

## LEGAL STANDARD OF REVIEW

Emergency injunctive relief, whether it is a temporary restraining order or a preliminary injunction, is warranted when a plaintiff demonstrates: (1) a likelihood of success on the merits;

---

[2] Plaintiff is concurrently filing a Motion for Preliminary Injunction seeking a preliminary injunction.

(2) a likelihood of irreparable harm in the absence of preliminary relief; (3) that the equities balance in the plaintiff's favor; and (4) that preliminary injunctive relief would serve the public interest. *See Winter v. NRDC*, 555 U.S. 7, 20 (2008); *Obama for Am. v. Husted*, 697 F.3d 423, 428 (6th Cir. 2012); Fed. R. Civ. P. 65(b). Federal Rule of Civil Procedure 65(b) requires a Court to examine, on application for a temporary restraining order, whether "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant." Fed. R. Civ. P. 65(b)(1)(A). Accordingly, some courts focus only on the immediacy and irreparability of harm when considering a motion for a temporary restraining order. *See, e.g.*, *Miller v. Ohio Civil Rights Comm'n*, No. 2:21-cv-3973, 2022 WL 220003, at *1 (S.D. Ohio Jan. 24, 2022). Other courts analyze all four factors of the preliminary-injunction test when evaluating whether to grant a temporary restraining order. *See, e.g.*, *Ohioans Against Corporate Bailouts v. LaRose*, 414 F. Supp. 3d 1058, 1061 (S.D. Ohio 2019). Accordingly, Plaintiff will show that all four factors favor a grant of a TRO, but with a particular emphasis on the immediate and irreparable harm he will suffer absent relief.

To obtain a TRO, a complainant need show only a likelihood of success on the merits; he need not demonstrate actual success. *See Winter,* 555 U.S. at 32. As explained below, D.B. is likely to succeed on the merits of his claims, he faces irreparable harm absent injunctive relief, the equities balance in his favor, and injunctive relief is in the public interest.

Indeed, over the last weeks, several other federal courts have issued temporary restraining orders in similar cases involving plaintiffs subjected to similarly arbitrary SEVIS terminations. *See* TRO Order, *Liu v. Noem*, Ex. J; TRO Order, *Isserdasani v. Noem*, Ex. K; TRO Order, *Ratsantiboon v. Noem*, Ex. L., *Liu v. Noem,* Case No. 25-cv-133-SE (D.N.H. April 10, 2025); *Wu v. Lyons,* No. 25-cv-1979 (E.D.N.Y. April 11, 2025), See, e.g., Isserdasani v. Noem, No. 25-cv-283-wmc, 2025 WL 1118626 (W.D. Wis. Apr. 15, 2025) (granting TRO where SEVIS termination based on non-prosecuted arrest was found likely arbitrary and in

violation of APA); Doe v. Noem, No. 25-cv-03140-JSW (N.D. Cal. Apr. 17, 2025) (granting

TRO enjoining ICE from enforcement action arising from SEVIS termination for misdemeanor

conviction not meeting 8 C.F.R. § 214.1(g) criteria); Arizona Student Doe #2 v. Trump, No.

CV-25-00175-TUC-AMM (D. Ariz. Apr. 15, 2025) (granting ex parte TRO enjoining arrest,

removal, and enforcement based on SEVIS revocation undertaken without notice or hearing);

Roe v. Noem, No. CV 25–40–BU–DLC, 2025 WL 1114694 (D. Mont. Apr. 15, 2025) (finding

likelihood of success on APA and Due Process claims where SEVIS terminations lacked valid

regulatory basis); Liu v. Noem, No. 25-cv-133-SE (D.N.H. Apr. 10, 2025) (TRO granted to

prevent loss of status and graduation due to unexplained SEVIS termination); Doe v. DHS, No.

25-cv-2149 (N.D. Ill. Apr. 15, 2025) (TRO granted where SEVIS termination followed

mistaken arrest for trespassing, with no charges filed); J. Smith v. Noem, No. 25-cv-1702 at 6–7

(C.D. Cal. Apr. 14, 2025) (TRO issued to enjoin ICE from detaining student whose SEVIS

record was terminated following a minor misdemeanor not meeting statutory removal criteria);

Yousefi v. Noem, No. 25-cv-0625 (S.D. Tex. Apr. 13, 2025) (court granted TRO where SEVIS

record was terminated without agency explanation, jeopardizing student's graduation and

STEM OPT eligibility); Jin v. Noem, No. 25-CV-1391 (D. Minn. April 17, 2025) (court granted

TRO enjoining ICE from enforcement action arising from SEVIS termination due to minor

traffic violations.).

## ARGUMENT

### I.      Plaintiff is likely to prevail on his claims that the termination of his F-1 Student Status was Unlawful

Defendants' termination of Plaintiff's F-1 student status under the SEVIS system was

unlawful for multiple independent reasons: the SEVIS termination violated the APA, 5 U.S.C. §

706(2)(A), as arbitrary, capricious, not in accordance with the law, in excess of statutory

authority, and without observance of procedure required by law, including the regulatory regime

at 8 C.F.R. § 214.1(d) (Claims One and Three); the termination also violated the Due Process Clause of the Fifth Amendment (Claim Two).

### A. The status termination violates the Fifth Amendment's Due Process Clause (Count Two)

Defendants' termination of Plaintiff's F-1 student status is a straightforward violation of the Fifth Amendment's Due Process Clause. As an admitted noncitizen student in the United States, D.B. has due process rights. *See Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent. The basic principle of a noncitizen's due process right is "the right to notice and the nature of the charges and a meaningful opportunity to be heard." *Choeum v. I.N.S.*, 129 F.3d 29, 38 (1st Cir. 1997).

In this case, Defendants have provided no process whatsoever. Defendants did not provide any notice to Plaintiff about their decision to terminate his F-1 student status; Plaintiff learned about the terminations only because his school discovered the termination in its SEVIS check and notified him.

Nor did Defendants comply with the requirements of providing adequate explanation and a meaningful opportunity to respond. Defendants' absence of explanation in revocation is inadequate under the Due Process Clause. D.B. is not aware of any facts or evidence to justify this basis for termination. He has not been convicted of any crime to trigger termination of his SEVIS record and to his knowledge his visa has not been revoked.

Accordingly, Defendants' failure to provide notice, adequate explanations, or meaningful opportunity for D.B. to respond before terminating his F-1 student status violates the Due Process Clause of the Constitution and the APA. 5 U.S.C. § 706(2)(B). D.B. is likely to succeed on Count Two of his complaint.

Defendants' termination of D.B.'s SEVIS records and F-1 student status violates the

Fifth Amendment. Defendants do not have statutory or regulatory authority to terminate

Plaintiff's F-1 student status, including under 8 C.F.R. § 214.1(d). Nor did Defendants provide

any notice, adequate explanation, or meaningful opportunity for Plaintiff to respond. As D.B. is

likely to succeed on the merits of Claim Two, this factor weighs in his favor.

### B. The status termination violates the Administrative Procedure Act (Counts One and Three)

Defendants' termination of D.B's SEVIS status violates the APA in the first instance

because Defendants lacked the appropriate authority to terminate the status based on the facts

of D.B.'s particular case—namely, he has not committed any of the acts that require such

revocation (Count 1). Additionally, Defendants' failure to follow 8 C.F.R. § 214.1(d) in this

revocation, and failure to provide Plaintiff with any reasoning for the revocation is also

arbitrary and capricious and violates the APA (Count 3).

As a preliminary matter, Defendants' termination of Plaintiff's F-1 student status is a

final agency action which this Court has jurisdiction to review. *See Jie Fang v. Dir. United*

*States Immigr. & Customs Enf't*, 935 F.3d 172, 182 (3d Cir. 2019) ("The order terminating these

students' F-1 visas marked the consummation of the agency's decisionmaking process, and is

therefore a final order[.]").

Defendants' termination of D.B.'s F-1 student status under the SEVIS system violates

the APA. In assessing the likelihood of success on the merits of D.B's APA claims, courts

apply the arbitrary-and-capricious standard of review set forth in the APA. *Citizens to Preserve*

*Overton Park, Inc. v. Volpe*, 401 U.S. 402, 413 (1971). Reviewing courts may reverse agency

action that is arbitrary, capricious, not in accordance with the law, in excess of statutory

jurisdiction, authority, or limitations, or short of statutory right, and without observance of

procedure required by law, 5 U.S.C. § 706(2)(A), (C)-(D).

Here, D.B. has maintained his F-1 student status for his entire time in the United States. The regulations provide a list of specific circumstances where certain conduct by a nonimmigrant, such as engaging in unauthorized employment, providing false information to DHS, or being convicted of a crime of violence with a potential sentence of more than a year, "constitute a failure to maintain status." 8 C.F.R. §§ 214.1(e)-(g). However, none of these violations occurred in D.B.'s case. He has not committed any crime. He has not engaged in unauthorized employment. He has never given false information to DHS. In other words, Plaintiff has done nothing to trigger the SEVIS terminations.

Second, Defendants' ability to unilaterally "terminate an F-1 [student status] is limited by [8 C.F.R.] § 214.1(d)." *Jie Fang*, 935 F.3d at 185 n.100. Under this regulation, Defendants can terminate student status *only* when: (1) a previously-granted waiver under 8 U.S.C. § 1182(d)(3) or (4) is revoked; (2) a private bill to confer lawful permanent residence is introduced in Congress; or (3) DHS publishes a notification in the Federal Register identifying national security, diplomatic, or public safety reasons for termination. 8 C.F.R. § 214.1(d). Since DHS did not take any of these actions, any action to terminate the SEVIS record is arbitrary and capricious and in violation of the APA.

Third, Defendants did not identify "Other – Individual identified in criminal records check and/or has had their visa revoked." as the basis for the SEVIS terminations, but D.B. has no qualifying conviction, however, his visa been revoked. Final agency action can be set aside when the explanation for the action fails to make "a rational connection between the facts found and the choice made. *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).

Further, while Plaintiff's visa has been revoked, the revocation of a visa does not constitute a failure to maintain status and cannot, therefore, serve as a basis for termination of

F-1 student status. If a visa is revoked before the student's arrival in the United States, the student may not enter, and the SEVIS record of F-1 student status is terminated. However, after a student has been admitted into the United States, "[v]isa revocation is not, in itself, a cause for termination of the student's SEVIS record" because the student is permitted to continue the authorized course of study. *See* ICE Policy Guidance 1004-04 – Visa Revocations (June 7, 2010). Rather, if the visa is revoked, the student is *permitted* to continue his course of study in school, but *upon departure* from the U.S., the SEVIS record of F-1 student status is terminated, and the student must obtain a new visa from the consulate or embassy before returning to the United States. *See* Guidance Directive 2016-03, 9 FAM 403.11-3 – VISA REVOCATION (Sept. 12, 2016).

Because Defendants unlawfully terminated B.D.'s F-1 student status without any statutory or regulatory authority, the terminations are arbitrary, capricious, not in accordance with the law, in excess of statutory jurisdiction, authority, or limitations, or short of statutory right, and without observance of procedure required by law, 5 U.S.C. § 706(2)(A), (C)- (D), including 8 C.F.R. § 214.1(d). Indeed, over the last few days, several federal district courts throughout the country have issued temporary restraining orders to enjoin SEVIS record terminations on these grounds. *See Liu v. Noem*, No. 25-cv-133, at *3 (D.N.H. Apr. 10, 2025) (in a similar case, finding Plaintiff was likely to succeed on the merits of his claim that the termination of his SEVIS record made "not in compliance with 8 C.F.R. § 214.1(d)" violated the APA); *Isserdasani v. Noam*, Dkt. 7, No. 25-cv-283 (W.D. Wisc. Apr. 14, 2025) (same); *Ratsantiboon v. Noem*, Dkt. 20, Case No. 25-cv-1315 (D. Minn. Apr. 15, 2025) (same). B.D. is likely to succeed on the merits of Claims One and Three.

**II. Plaintiff faces irreparable and immediate harm and will continue to do so absent emergency injunctive relief**

D.B. will suffer irreparable and immediate injury if the SEVIS termination is not enjoined. First, and most alarmingly, Plaintiff faces possible detention and removal from the country for being out of status. 8 U.S.C. § 1227(a)(1)(C)(i). Removal is "a drastic measure, often amounting to lifelong banishment or exile. *Sessions v. Dimaya*, 584 U.S. 148, 157, 138 S. Ct. 1204, 1213, 200 L. Ed. 2d 549 (2018) (internal quotation marks removed). Other students subject to visa revocations and/or SEVIS terminations have been arrested and detained by ICE. *See, e.g.*, *Ozturk v. Trump*, No. 25-cv-10695-DJC, 2025 U.S. Dist. LEXIS 64831 (D. Mass. Apr. 4, 2025).

Second, the termination of his student status will result "in the loss 'of all that makes life worth living'" for D.B., who has made a significant investment in time and money to pursue his passion for his career, including graduating with his masters degree with a 4.0 GPA. *Bridges v. Wixon*, 326 U.S. 135, 147 (1945). His educational pursuits and career trajectory will be severely compromised if he is unable to remain at his current employment.

Finally, the SEVIS termination will result in the accrual of unlawful presence daily, which may prevent D.B. from reinstatement of his F-1 student status in the future. *See Jie Fang*, 935 F.3d at 176 (noting that a students should not have been out of a valid F-1 student status for more than 5 months for a reinstatement application).

**III.    The balance of equities and public interest strongly favor D.B.**

The public interest favors granting Plaintiff's request for a temporary restraining order. "The public interest is served when administrative agencies comply with their obligations under the APA." *N. Mariana Islands v. United States*, 686 F. Supp. 2d 7, 21 (D.D.C. 2009). And the public interest can only be served by the halting of ongoing unconstitutional

government action. *See Elrod v. Burns*, 427 U.S. 347, 373 (1976).

The public interest also favors the amelioration of D.B.'s serious mental, educational, career, and financial harms particularly where Defendants have no countervailing interest in being allowed to take unlawful and unconstitutional action.

The public has a strong interest in allowing foreign students and employees to pursue education and employment so long as they comply with applicable standards. Here, there is no showing that the Plaintiff has not complied with the applicable standards in any way. The public interest is not served by arbitrarily revoking student status on the basis of *de minimis* conduct that that does not provide a basis for termination of student status or removal under the Act or applicable regulations. Moreover, the public interests is served by complying with established precedent which recognizes the due process rights of students once admitted to the United States. *See Jie Fang v. Director, United States Immigration and Customs Enforcement,* 935 F.3d 172 (3d Cir. 2019).

As D.B. has shown that he has suffered and will continue to suffer irreparable harm without immediate relief and that injunctive relief would cause no injury to Defendants, the public interest favors relief for D.B.

**CONCLUSION**

Plaintiff respectfully urge this Court issue a temporary restraining order to (1) enjoin Defendants' decision to terminate Plaintiff's record in the Student and Exchange Visitor Information System ("SEVIS") and his F-1 student status, in order to maintain the status quo for Plaintiff to continue his employment; and (2) enjoin Defendants from directly or indirectly enforcing, implementing, or otherwise taking any action or imposing any legal consequences— including causing Plaintiff's visa to be revoked or detaining or removing Plaintiff—as a result of

that decision, while the instant case is pending.


Dated: April 18, 2024

                                           Respectfully Submitted,

                                           /s/Ghassan M. Shihab___
                                           Ghassan (Gus) M. Shihab
                                           Ohio Bar Number: 0061098
                                           Eric Dennis Ricker
                                           Ohio Bar Number 0097733
                                           Law Firm of Shihab & Associates
                                           5925 Wilcox Pl. Ste A
                                           Dublin, Ohio 43016
                                           Tel. 614-255-4872
                                           Fax. 614-255-4870
                                           Email: gus@shihab.law
                                                 ericker@shihab.law

                                           Counsel for Plaintiff

## **CERTIFICATE OF SERVICE**

I certify that on April 18, 2025, I filed the foregoing using the Court's CM/ECF System, and that all counsel of record will receive notice through that system. I further certify that on April 18, 2025, in compliance with Local Rule 65.1(b), full copies of the foregoing and all attachments were emailed to Christopher Yates in the United States Attorney's Office for the Southern District of Ohio at Christopher.Yates@usdoj.gov.

Respectfully Submitted,

/s/Ghassan M. Shihab____
Ghassan (Gus) M. Shihab
Ohio Bar Number: 0061098
Eric Dennis Ricker
Ohio Bar Number 0097733
Law Firm of Shihab & Associates
5925 Wilcox Pl. Ste A
Dublin, Ohio 43016
Tel. 614-255-4872
Fax. 614-255-4870
Email: gus@shihab.law
        ericker@shihab.law

Counsel for Plaintiff

15

16